ALBERT T. TUCKER *vs.* ETHEL M. TUCKER.

JUNE 4, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an appeal, by the complainant in a suit in equity, from a decree of the superior court denying and dismissing his bill of complaint.   The grounds of appeal are simply that the decree is contrary to the evidence and the weight thereof and that it is contrary to the law.

The parties are husband and wife, though they have not lived together since about three months before the filing of the bill.   The husband seeks to have a trust, in his favor,

to the extent of a one-half interest, impressed upon a certain parcel of real estate, with a dwelling house and other improvements thereon, which is situated in this state and of which the legal title is in the respondent alone.

The parties were married on November 26, 1934. On September 21, 1934, the respondent, then Ethel M. O'Rourke, entered into a written agreement with the Old Colony Cooperative Bank, then the owner of this property, for the purchase of it by her. By that agreement it was provided that the property should be conveyed on or before October 1, 1934, for a purchase price of $4000, of which the sum of $400 was paid on the date of the agreement, $600 was to be paid upon delivery of the deed, and the remainder, $3000, was to be paid at the rate of $30 per month and secured by a first mortgage on the property.

In accordance with a supplemental written agreement, the property was conveyed by the bank to the respondent on November 2, 1934; the cash payment of $600, to be made on the delivery of the deed, was waived; and the amount secured by the mortgage was changed to $3600, payable $36 each month.

The complainant alleged in his bill, as the grounds for the relief sought by him, that this property, when acquired by the respondent, was purchased by them jointly, in contemplation of their marriage and with their joint funds; that thereafter he expended large sums of money and a great amount of labor in repairs and improvements on the property and made regular payments on the mortgage to the bank.

In her answer the respondent denied these alleged grounds for relief; and she stated that she made the payment of $400 with funds belonging solely to her, and that she similarly made payments of the interest and on the principal of the mortgage, and of taxes and other expenses, all with funds belonging solely to her.

The complainant during the warmer months of the years 1934, 1935 and 1936 was in the employment of a circus com-

pany and traveled about the country with them. During such employment in the year 1934, at different dates from May 22 to November 2, he sent to the respondent a number of sums of money, most of them apparently from his earnings; and at his request she opened savings accounts in his name in the Old Colony Cooperative Bank and the Industrial Trust Company in the city of Providence, and deposited these sums therein. The last deposit in the former bank was made on October 2, which made the total then $585.17. The last deposit in the latter bank was made on November 2, which made the total then $505.

The complainant contends that the down payment of $400 made by the respondent to the Old Colony Cooperative Bank, when the agreement of purchase and sale of the real estate in question was signed, came from one or both of these bank accounts. This is denied by the respondent and could not have been so, because the bankbooks, which were put in evidence at the hearing of the cause, show that the first withdrawals from the former of these accounts were $250 on November 23 and $225 on November 24, three and two days respectively before the marriage of the parties. The first withdrawals from the latter account were $300 on November 7 and $103 on November 24, which left only $102 in the account.

Both of these accounts were closed before the end of the year 1934; and the evidence indicates that the money was all or nearly all used for the expenses of a wedding trip to Florida and the purchase of furniture and furnishings.

On the other hand, the respondent testified that the entire down-payment on the purchase agreement came from an account in the Old Colony Cooperative Bank which she had had for some years in her former name of Ethel M. Burke; and she produced and filed, as exhibits, verified copies of the records of the account, which showed a withdrawal of $403.41 on September 21, 1934, which closed the account.

There was also a dispute between the parties as to the source of a payment of $600 which the respondent made to

the mortgagee bank on October 17, 1935. She testified that it came from an account which stood in her name in the Industrial Trust Company and which was opened, on January 8, 1935, with a deposit of $400, and from which $700 was drawn on October 17, 1935. This deposit and withdrawal she proved from the records of the bank; and she produced convincing evidence that the aforesaid deposit came from the proceeds of the sale by her of five shares of stock, belonging to her, of the New England Telephone & Telegraph Company.

It is true that the bankbook shows that by intervening withdrawals this account had been reduced to $200 at the close of business on April 12, 1935; that it was afterwards, by intervening deposits, increased to a total of $982.69 at the beginning of October 17, 1935; and that the evidence presented by the two parties was contradictory as to the source of these intervening deposits. The complainant contended that they were all of money sent by him to the respondent from time to time by United States money order.

He proved that he had sent to her such money orders, one at least each month, from May 27, 1935 to October 14, 1935, and aggregating $668. But only one of these money orders corresponds exactly with a deposit soon afterwards made in this account. On the other hand, she testified that during practically all the time since her marriage to the complainant and up to the time of the hearing of this cause in the superior court she had worked with her sister, as a "beautician", and had received from that business an average of about $25 per week; and that from the money so received she had made the deposits from time to time in this account. Her testimony as to her receipt of this income was corroborated by the sister's testimony.

The trial justice made no express finding on the question of the source of this payment of $600 by the respondent on the mortgage. But in his decision there is clearly an implied finding that it was from her own money; and after carefully considering the evidence, we are of the opinion

that such finding was not clearly against the weight of the evidence.

The same thing is true of all the other contentions made by the complainant in his bill in trying to establish an equitable title to an undivided half of the property or an equitable lien thereon. They were all controverted by evidence in favor of the respondent and were all denied by the trial justice in his decision. We cannot say that he was clearly wrong in so deciding.

In this connection it should be borne in mind that during all the time, after their marriage, when he was sending or turning over money to his wife or working on repairs or improvements on the property, he was in duty bound to support her; and that during all or nearly all that time, except during the periods in 1935 and 1936 when he was away with the circus, he and his wife were living on the property in question.

It should also be kept in mind that the evidence shows that in 1937 the respondent brought against the complainant a petition for divorce; that in May of that year a decision was entered granting that petition on the ground of neglect to provide; and that a temporary reconciliation between them was effected, and for a time they lived together again, and the wife's petition for a divorce was discontinued.

The doctrine is well established, and has been applied in this state, that to prove a resulting trust by reason of the payment by one person of the whole or a part of the purchase price of property conveyed to another person, especially if the relation between these persons is that of husband and wife or of parent and child, the evidence must be clear, full and convincing. *Angell* v. *Angell*, 64 R. I. 264, 11 A. 2d. 922, and cases cited. See also *Oldham* v. *Oldham*, 58 R. I. 268. So, in the instant cause, to sustain a decree in favor of the complainant, the evidence in support of the allegations in his bill must be of that character.

We are of the opinion that none of the grounds for relief set forth by the complainant in his bill of complaint in this

cause were proved by evidence of that character, so that we would be justified in holding that the decision of the trial justice in favor of the respondent and the decree entered thereon, denying and dismissing the bill of complaint, are contrary to the law or the weight of the evidence.

The complainant's appeal is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Walter Adler, Albert L. Rosen,* for complainant.
*Benjamin M. McLyman,* for respondent.